# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2567-21

PATRICK ROURKE,

    Plaintiff-Appellant,

v.

HERR FOODS INCORPORATED,
PAUL JOVA, VINCENT
GUASTAFERRO, DAVID MELL,
CURTIS KODISH,[1] and DANIEL
LEVINE,

    Defendants-Respondents.

_____

Submitted September 28, 2022 – Decided October 26, 2022

Before Judges Mayer and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-7067-21.

Blick Law LLC, attorneys for appellant (Shaun I. Blick, Cynthia A. Satter and Mark A. Speed, on the brief).

---

[1] Defendant Curtis Kodish improperly pled as Curtis Kedish.

White & Williams LLP, attorneys for respondents (Robert G. Devine, of counsel and on the brief; Kimberly M. Collins, on the brief).

PER CURIAM

Plaintiff Patrick Rourke appeals from a March 11, 2022 order granting relief to defendants Herr Foods Incorporated (Herr Foods), Paul Jova, Vincent Guastaferro, David Mell, Curtis Kodish, and Daniel Levine (collectively, defendants), by compelling arbitration and staying the litigation.[2] We affirm.

Plaintiff sued defendants alleging violation of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50. Plaintiff conceded his employment contract with Herr Foods contained an arbitration provision and the arbitration agreement was valid and enforceable subject to his public policy argument. Plaintiff argues the following on appeal: (1) whether the arbitration agreement is unenforceable under Section 12.7 of the NJLAD; and (2) alternatively, if the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, preempts state law governing arbitration, then public policy compels invalidation of arbitration in cases involving allegations of sexual harassment and sexual assault.

---

[2] Defendants styled their application as a motion to dismiss plaintiff's complaint. However, the motion judge properly considered the matter as a motion to compel arbitration and stay the litigation pending arbitration.

A-2567-21

We recite the pertinent facts. In January 2020, plaintiff entered into an employment contract with Herr Foods containing a Mutual Arbitration Agreement (arbitration agreement). In paragraph a. of the arbitration agreement, plaintiff and Herr Foods agreed

> all disputes, claims, complaints, or controversies ("Claims") that I now have or in the future may have against [Herr Foods] . . . , including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; . . . arising out of and/or directly or indirectly related to my application for employment with [Herr Foods], . . . and/or termination of my employment with [Herr Foods] . . . are subject to arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide the Covered Claims.

Paragraph k. of the arbitration agreement stated the document was "governed by the FAA and, to the extent not inconsistent with or preempted by the FAA, by the laws of the state in which [plaintiff] last worked for [Herr Foods] . . . ."

In January 2021, plaintiff and Herr Foods signed a new agreement, containing the same provision governing the arbitration of claims. Five months later, Herr Foods terminated plaintiff's employment.

On December 9, 2021, plaintiff filed suit against defendants under the NJLAD alleging sexual harassment, sexual assault, and retaliation. In lieu of an

3

answer, defendants filed a motion to dismiss. In opposing defendants' motion, plaintiff argued the arbitration agreement was unenforceable based on public policy considerations and Section 12.7 of the NJLAD. Defendants contended the FAA preempted the NJLAD and plaintiff's public policy arguments on state law grounds were contrary to governing law.

The judge heard the arguments of counsel on March 11, 2022. During oral argument, plaintiff conceded that the arbitration agreement was valid and enforceable subject to his public policy arguments.

The motion judge held the FAA governed the arbitration agreement and preempted state public policy and Section 12.7 of the NJLAD. She rejected plaintiff's argument that Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553 (App. Div. 2022), did not govern. To the contrary, the judge found Antonucci stood for the proposition "that the LAD prohibition [in Section 12.7 was] preempted by the FAA and the plaintiff was therefore required to arbitrate his employment claims." The judge noted the nature of an employment discrimination claim, whether racial, sexual, gender, or religion, was irrelevant with regard to the FAA's preemption of state law claims under Antonucci. She also relied on Antonucci's holding that the proposed amendment to the FAA, precluding arbitration provisions waiving the right to a jury trial for sexual

harassment or sexual assault discrimination claims, "would be prospective, not retroactive."[3]

The judge also determined the arbitration agreement was otherwise valid and enforceable. The judge explained that plaintiff

> sign[ed] two arbitration agreements. . . . There appears to be a product of mutual assent. . . . [t]hey were signed months apart. The plaintiff had an opportunity to review them. The agreements also specifically state that . . . the claims are subject to arbitration, . . . will be resolved by arbitration and not by a court or jury. And there's also a sufficient waiver in that the parties hereby forever waive and give up the right to have a jury or judge decide any covered claims.

She also found there was sufficient consideration to enforce the arbitration agreement "in the form of continued employment." Further, the judge "note[d] that the complaint does arise out of the plaintiff's employment and/or termination" and is therefore within the scope of claims governed by the arbitration agreement. Based on these findings, the judge independently concluded the arbitration agreement was valid and enforceable.

The judge held "there is nothing raised in this case that implicates distinct public policy considerations that would prevent enforcement [of] the arbitration

---

[3] At the time the judge decided the motion, the amendment to the FAA had yet to be enacted into law.

A-2567-21

provision . . . in light of the public policy of New Jersey strongly favoring arbitration as a means of resolving disputes without tying up judicial resources." The judge explained the NJLAD's prohibiting arbitration of a particular type of claim is preempted when the parties agree to be governed by the FAA. Based on these findings, the judge issued an order compelling arbitration and staying the Law Division action.

On appeal, plaintiff contends the judge erred in rejecting "the public policy-making authority of the legislature." He further claims the FAA "does not require a policy favoring arbitration such that other laws are disfavored, but that all apply equally." Additionally, plaintiff asserts "unconscionable provisions of a contract are not enforceable." We disagree.

We review de novo a trial court's determination that an arbitration agreement is valid and enforceable. Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013). We review federal preemption questions de novo. Hejda v. Bell Containers Corp., 450 N.J. Super. 173, 187 (App. Div. 2017).

Plaintiff asserts the arbitration agreement is against public policy and unenforceable under Section 12.7 of the NJLAD. N.J.S.A. 10:5-12.7 provides: "A provision in any employment contract that waives any substantive or procedural right or remedy relating to a claim of discrimination, retaliation, or

harassment shall be deemed against public policy and unenforceable." Plaintiff argues public policy considerations favor application of Section 12.7 of the NJLAD and should preclude enforcement of arbitration of his sexual harassment and sexual assault claims.

We addressed this question in Antonucci. In that case, we held Section 12.7 of the NJLAD is preempted "when applied to prevent arbitration called for in an agreement governed by the FAA." Id. at 566. We held the arbitration agreement in Antonucci was "binding and that LAD's procedural prohibition, which would preclude arbitration, is pre-empted when applied to an arbitration agreement governed by the FAA." Id. at 557.

While the underlying claims in this case, sexual harassment and sexual assault, differ from the claim asserted in Antonucci, wrongful termination, the nature of the discrimination claim does not alter the analysis. The NJLAD does not accord enhanced protection to a specific form of discrimination. See Meade v. Twp. of Livingston, 249 N.J. 310, 327 (2021) (quoting Raspa v. Off. of Sheriff of Gloucester, 191 N.J. 323, 335 (2007)) (noting the purpose of the NJLAD is "the eradication of the cancer of discrimination" without distinguishing a particular form of discrimination). For the reasons expressed in Antonucci, and because plaintiff and Herr Foods agreed that the FAA governed claims under

7

the arbitration agreement, the FAA in effect when plaintiff filed his complaint preempts plaintiff's NJLAD claims and the motion judge properly compelled arbitration.

We also reject plaintiff's argument that the recent amendment to the FAA should be applied retroactively to allow him to proceed with his sexual harassment and sexual assault claims. The notes accompanying the amended FAA and the language in the amended FAA state the provisions in the enactment shall not apply retroactively. See 9 U.S.C. §§ 403 ("This Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act.").[4] Because plaintiff's sexual harassment claim arose no later than December 9, 2021, the date he filed his complaint, the amended FAA does not apply and his sexual harassment and sexual assault claims must be arbitrated.

To the extent we have not addressed a particular argument, it is because either our disposition of the appeal renders it unnecessary, or the argument was

---

[4] On March 3, 2022, President Biden signed the "Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, H.R. 4445, 117th Cong. (2022)," which invalidated pre-dispute arbitration agreements precluding a party from filing a lawsuit in court involving sexual assault or sexual harassment.

without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2567-21